UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLAYTON FAGGIN                                CIVIL ACTION

VERSUS                                        NUMBER: 09-4623

WARDEN LEROY HOLINDAY, ET AL.                 SECTION: "F"(5)

### ORDER AND REASONS

Pursuant to an order of reference from the District Judge (rec. doc. 4), presently before the Court is plaintiff's "Motion for Permission to Pay Filing Fee's in Ample Time of (6) Six Months" (rec. doc. 3) which the Court construes as a motion for reconsideration of the previous order denying his application to proceed in forma pauperis ("IFP"). (Rec. doc. 2).

In the above-captioned complaint, plaintiff complained of the loss of personal property as well as various conditions of confinement allegedly existing at the LaSalle Correctional Center ("LCC"), Olla, Louisiana. (Rec. docs. 1-2, 1-3). At the time that he tendered his complaint to the Court for filing on July 16, 2009,

plaintiff was no longer housed at LCC but was instead incarcerated at the Catahoula Correctional Center ("CCC"), Harrisonburg, Louisiana. (Rec. doc. 1-2, p. 3). On August 6, 2009, the Court denied plaintiff's application to proceed IFP pursuant to 28 U.S.C. §1915(g) based upon the fact that he had previously filed at least ten lawsuits here that had been dismissed as frivolous, malicious, and/or for failure to state a claim upon which relief could be granted. (Rec. doc. 2). He now brings the present motion[1]/ which contains the unsupported allegation that he is indeed in danger of serious physical injury as well as a promise to have the filing fee paid by his wife and family members at some point in the future. (Rec. doc. 3).

Whether a prisoner is in "imminent danger of serious physical injury" as contemplated by §1915(g) is a determination that is made at the time that suit is filed. Choyce v. Dominquez, 160 F.3d 1068, 1070 (5th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir. 1998). The subject matter of this lawsuit concerns the conditions of a penal facility that plaintiff was not even incarcerated at on the date that his complaint was tendered for filing. His original complaint failed to establish that he was under imminent danger of serious physical injury at that point in time and nothing in his

---

[1]/ Plaintiff filed his motion in this matter and in another case that he brought against correctional officials from CCC, the facility where he is presently confined. See Faggin v. Wallace C. Drennan, Inc., et al., 09-CV-4624 "C"(2), rec. doc. 5.

2

present motion alters that fact.  Unless and until the filing fee is paid, plaintiff's lawsuit should not proceed.  His present motion is, therefore, denied.

New Orleans, Louisiana, this 31st day of August, 2009.

*[signature]*